UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURENCE STEVENSON, | § | |
| EFFIE STEVENSON, IDA SIMON, and | § | |
| KERRY D. SIMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-0625-B |
| | § | |
| FORT WORTH & WESTERN | § | |
| RAILROAD COMPANY, and | § | |
| TARANTULA CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Fort Worth and Western Railroad Company and Tarantula Corporation's Motion to Dismiss (doc. 10), filed March 26, 2015. Defendants request that the Court dismiss Plaintiffs' action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons that follow, the Court concludes that Defendants' motion should be and hereby is **GRANTED**.

## I.

## BACKGROUND

On February 11, 2015, a train collided with an automobile at a railroad crossing at or near the intersection of Highway 171 and County Road 1000 in Johnson County, Texas, causing injury to Plaintiffs Laurence Stevenson, Effie Stevenson, Ida Simon, and Kerry Simon. Doc. 1, Compl. 3. Plaintiffs allege that "[t]he personal injuries and damages to each Plaintiff were proximately caused . . . by Defendants failing to: (1) keep a proper lookout; (2) traveling at an unsafe speed; (3) . . .

timely or properly apply brakes; and (4) . . . give proper timely warnings, all per Federal Statutes 49 U.S.C. § 20152(a)(1)(D) and (5)(A)(B)(C) and 49 U.S.C. § 20153 and/or the Federal Train Horn Rule 49 CFR Part 222 [sic]." *Id.* As a result, Plaintiffs filed suit against Defendants in this Court on February 24, 2015, asserting causes of action for negligence, negligence per se, gross negligence, and strict products liability and seeking to recover their damages from the collision. *Id.* at 3–6.

Thereafter, Defendants filed their instant motion to dismiss for lack of subject matter jurisdiction. Doc. 10, Mot. to Dismiss. Defendants argue that this Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1331, because Plaintiffs assert only state law claims, none of which raise a substantial federal question. Doc. 11, Def.'s Br. 2–6.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). They possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery,* 243 F.3d at 916.

A court must dismiss a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal Rule of Civil Procedure 12(b)(1) is the procedural vehicle for challenging a court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). But where, as here, a motion attacks subject matter jurisdiction based solely on the face of the complaint, the plaintiff is afforded safeguards similar to those enjoyed when a complaint is challenged under Rule 12(b)(6) for failure to state a claim—the Court must consider the complaint's allegations as true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

## III.

## ANALYSIS

There are two statutory bases for federal court jurisdiction. Relevant here, 28 U.S.C. § 1331 gives the district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[1] 28 U.S.C. § 1331. A case can "aris[e] under" federal law in two ways. The first and more direct way is when the plaintiff asserts a cause of action created by federal law. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). The second way occurs when a state law claim raises a substantial question of federal law. *Id.*

In determining whether there is federal question jurisdiction, courts follow the well-pleaded complaint rule, according to which "federal jurisdiction exists only when a federal question is

---

[1] Plaintiffs do not claim that this Court has diversity jurisdiction under 28 U.S.C. § 1332 as all of the Plaintiffs and Defendants are citizens of Texas. See Compl. 1–2.

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. With few exceptions, the rule operates to deprive federal courts of jurisdiction where federal jurisdiction is premised on a federal defense, including in cases where "both parties admit that the only question for decision is raised by a federal preemption defense." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 12 (1983). As a result, the plaintiff may generally avoid federal jurisdiction by pleading only state law claims, even when federal remedies might also exist.

In this case, Plaintiffs have pleaded only state law causes of actions for negligence, negligence per se, gross negligence, and strict products liability. Nevertheless, Plaintiffs argue that this Court has federal jurisdiction over its claims under the substantial federal question doctrine and because they are completely preempted by various federal statutes and regulations governing the sufficiency of railroad crossing warnings, but principally the Federal Railroad Safety Act of 1970 ("FRSA"), 49 U.S.C. § 20101 *et seq.* and its implementing regulations. Doc. 14, Pl.'s Resp. Br. 3, 9–11. The Court addresses each of these grounds for federal jurisdiction, in turn, below.

A.  *Substantial Federal Creation Question Jurisdiction*

As stated above, federal question jurisdiction may exist in the absence of a federal cause of action when a plaintiff's state law claim(s) raises a substantial federal question. *See Gunn*, 133 S. Ct. at 1065. However, given the sensitivities surrounding the division of judicial power between the federal government and the states, substantial question jurisdiction exists only if the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

In this case, Plaintiffs' negligence, negligence per se, and gross negligence claims are all premised on Defendants' alleged violation of the FRSA and its implementing regulations, including the Federal Train Horn Rule, 49 CFR Part 222. Compl. 3. As such, Plaintiffs state law claims necessarily raise issues of federal law, including whether any of these statutes or regulations impose a duty of care on railroad operators such as Defendants, and if so, whether Defendants violated any of these duties of care. Under *Grable* and its progeny, however, a plaintiff may not gain entry to a federal forum merely by asserting a violation of a federal statute or regulation as an element of a state tort claim where, as here, the federal statute at issue—in this case, the FRSA—does not create a private, federal cause of action. *Grable*, 545 U.S. at 318–319 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 811–812 (1986) (holding that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States'") (quoting 28 U.S.C. § 1331)); *see also Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1094–1095 (S.D. Ill. 2007) (concluding that plaintiff's invocation of railroad crossing regulation as element of negligence per se claim was insufficient to establish substantial federal question jurisdiction); *Peters v. Union Pac. R.R. Co.*, 455 F.Supp.2d 998, 1005 (W.D. Mo. 2006) (no substantial federal question jurisdiction where state law claim premised on railroad's violation of FRSA); *Connolly v. Union Pac. R&R Co.*, 453 F.Supp.2d 1104, 1109–11 (E.D. Mo. 2006) (complaint referencing federal regulation relating to railroad grades and crossing and the federal Manual on Uniform Traffic Control Devices for railroad grades and crossings did not raise federal question of sufficient substance to permit removal of wrongful death suit to federal court, where such federal authorities were merely a means of establishing duty as an element of a negligence

per se claim under state law). "To find federal question jurisdiction under these circumstances would open the floodgates to the garden variety torts that the United States Supreme Court, in *Merrell Dow*, specifically said should not be in federal court." *Peters*, 455 F.Supp.2d at 1005. Accordingly, the Court concludes that Plaintiffs' assertion of violations of the FRSA and its implementing regulations as an element of its state law negligence claims is insufficient to establish federal jurisdiction in this case.

*B. Complete Preemption*

Complete preemption is an exception to the well-pleaded complaint rule that applies in cases where a federal statute "wholly displaces" the asserted state law claim(s). *Beneficial Nat.'l Bank v. Anderson*, 539 U.S. 1, 7. Unlike ordinary or defensive preemption, which merely "declares the primacy of federal law, regardless of the forum or the claim," complete preemption converts "what otherwise appears as merely a state law claim . . . to a claim 'arising under' federal law for jurisdictional purposes because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008). Complete preemption is the exception rather than the norm. *Id.* "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claim asserted under state law." *Id.*; *see also Beneficial Nat.'l Bank*, 539 U.S. at 8 (holding that complete preemption occurs where "the federal statute[] at issue provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action").

Plaintiffs make passing reference to the general doctrine of complete preemption in their response brief, observing that the Supreme Court's decisions in *Norfolk S. Ry. Co. v. Shanklin*, 529

U.S. 344, 357–59 (2000) and *CSX Transp., Inc. v. Easterwood*, 506 U.S. 658, 670–671 (1993) "point to complete federal preemption of railroad crossing collision occurence[s]." *See* Pl.'s Resp. Br. 10. Contrary to Plaintiffs' contention, however, neither of these cases dealt with the issue of complete preemption. Rather, in *Easterwood* and again in *Shanklin*, the Supreme Court held that state law tort claims regarding the adequacy of railroad crossing signals and warnings that were installed using federal funds conflict with federal railroad crossing regulations governing the same and, in the case of *Shanklin*, must be dismissed.[2] *Easterwood*, 506 U.S. at 670–671; *Shanklin*, 529 U.S. at 357–59. As such, these cases do not support Plaintiffs' assertion of federal jurisdiction in this case. *See Franchise Tax Bd.*, 463 U.S. at 12 (holding that defense of federal conflict preemption is not sufficient to give rise to federal question jurisdiction). And, since Plaintiffs have failed to provide the Court with any other authority or argument demonstrating that Congress intended to "wholly displace" Plaintiffs' claims in this case and replace them with an exclusive federal remedy created by federal statute, Plaintiffs have failed to satisfy their burden of establishing that federal law completely preempts their claims in this suit.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction (doc. 10) and **ORDERS** this case dismissed without prejudice.

---

[2] The Court notes, moreover, that numerous lower courts have determined that the FRSA does not completely preempt state law tort claims against railroads for failure to comply with federal railroad crossing regulations because it does not create a federal remedy. *See, e.g., Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575–576 (5th Cir. 2004); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d at 1093; *Sullivan v. BNSF Ry. Co.*, 447 F.Supp.2d 1092, 1099–99 (D. Ariz. 2006).

SO ORDERED.

SIGNED June 24, 2015

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE